IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEANN M. MADISON )
) No. 20-919
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability insurance benefits under Title II the Social Security Act, based on physical impairments, including back and knee problems. Her application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in discounting her subjective complaints of pain; not addressing the opinion of Dr. Lee, a treating physician; failing to find Plaintiff disabled for sedentary work, after the vocational expert ("VE") testified that sitting, standing, and walking limitations of 30 minutes were work preclusive; and failing to determine whether the combined

and cumulative effects of Plaintiff's lumbago, knee tear, pain, asthma and obesity required additional restrictions. Plaintiff also contends that both the hypothetical questions to the VE, and the VE's responses, are not substantial evidence.

An ALJ must consider impairments, individually and in combination. Cf. Austin v. Comm'r of Soc. Sec., No. 16-1462, 2018 U.S. Dist. LEXIS 24076, at *16 (D.N.J. Feb. 14, 2018). It is well settled, however, that an ALJ is not required to discuss or cite to every piece of evidence in detail, or connect every dot. Cf. Dease v. Saul, No. 18-5106, 2020 U.S. Dist. LEXIS 56392, at *26 (E.D. Pa. Mar. 31, 2020). "An ALJ fulfills his obligation to consider a claimant's impairments in combination with one another if the ALJ explicitly indicates that he has done so, and there is 'no reason not to believe him.'" See, e.g., Samperi v. Berryhill, No. 18-9382, 2019 U.S. Dist. LEXIS 54092 (D.N.J. Mar. 29, 2019) (quoting Morrison ex rel. Morrison v. Comm'r of Soc. Sec., 268 F. App'x 186, 189 (3d Cir. 2008)). Additionally, a hypothetical to the VE need only account for credibly established limitations or impairments. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). The Court further notes that "credibility determinations are entitled to substantial deference on appeal." Malcolm v. Comm'r of Soc. Sec., No. 16-8646, 2017 U.S. Dist. LEXIS 196512, at *44 (D.N.J. Nov. 30, 2017).  Here, the ALJ explicitly took Plaintiff's obesity into account, and addressed her lumbago, knee tear, asthma, and subjective complaints. In light of all the evidence, including the opinions of two consulting examiners, the Court finds no error in the ALJ's conclusions regarding Plaintiff's subjective pain complaints and combination of impairments.

Plaintiff points out that the ALJ did not refer to her longtime treating physician, Dr. Lee. Plaintiff points to Dr. Lee's records and opinion, at transcript pages (R.535-598). As Plaintiff also points out, the functional limitations to which Dr. Lee opined resulted in a "no competitive

work" opinion from the VE.  An ALJ need not identify a provider by name, so long as she has reviewed their findings.  See Segal v. Comm'r of Soc. Sec. , No. 19-8839, 2020 U.S. Dist. LEXIS 77752 (D.N.J. May 4, 2020).  Here, the ALJ did not refer to Dr. Lee by name, but referred to his records and Plaintiff's treatment. The notes to which Plaintiff points refer to Plaintiff's thirty minute "tolerance" for sitting, standing, and walking, under the category "Mental/functional."  Plaintiff characterizes the tolerance notes as Dr. Lee's opinion regarding her functional limitations; Defendant points out that the notes instead reflect Plaintiff's subjective report.  Indeed, the tolerances appear under the "subjective" section of Dr. Lee's notes.  ["T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion." Morris v. Barnhart, 78 Fed.Appx. 820, 824-25 (3d Cir. 2003)  Accordingly, the ALJ's approach, and his incorporation of this information into the RFC and hypothetical questions to the VE, were not in error.  Importantly, the pertinent issue is not whether the record contains evidence that would support a finding of disability – as, I agree, it does here -- but whether it contains sufficient evidence to support the ALJ's conclusions.  Grella v. Colvin, No. 12-02115, 2014 U.S. Dist. LEXIS 125804, at *43 (M.D. Pa. Sep. 9, 2014).  On the present record, the ALJ's decision fulfills applicable standards.

## CONCLUSION

Under applicable standards, the ALJ's decision is supported by substantial evidence.

Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: December 10, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEANN M. MADISON.                )
                                 ) No. 20-919
    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 10th day of December, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court